UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

ROBERT BANUSHI,

           Plaintiff,

      - against -

CITY OF NEW YORK; and NYPD; DET.
FRANCINE MADRAZO of the 84th Precinct,

           Defendants.
———————————————————————X

MEMORANDUM
AND ORDER
14-CV-582 (KAM) (LB)

MATSUMOTO, United States District Judge:

On January 24, 2014, *pro se* plaintiff, Robert Banushi ("Banushi"), filed the instant complaint pursuant to 42 U.S.C. sections 1983 and 1985 against the City of New York, its police department and Detective Francine Madrazo, alleging that Detective Mandrazo threatened him on May 16, 2013 and that his allegations against her were not adequately investigated by New York City agencies. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, but the complaint is dismissed.

## BACKGROUND

Plaintiff, a resident of Brooklyn, New York, alleges that on May 16, 2013, he received a telephone call from Detective Francine Madrazo of the 84th Precinct of the New York City Police Department. He did not answer the call but listened to her voicemail message which allegedly said: "I am Jewish, I make you life amicable, and I 'F you and your family.'" Complaint at ¶ 11. Taking this message as a threat, plaintiff telephoned 911. Two officers from the 68th Precinct of the NYPD came to his home and took a report. A week later, Lieutenant Rivera also of the 68th Precinct, telephoned him and said no further investigation would be taken on his

1

complaint, "[w]e will not press charges against Detective Francine Madrazo," and the matter was closed. *Id.* at ¶ 12. On May 21, 2013, plaintiff filed a complaint with the Internal Affairs Bureau ("IAB") against the 68th Precinct for failing to investigate the incident. The IAB informed him that his case would be transferred to the Officer of Chief of Department. On January 24, 2014, plaintiff filed this action alleging that Detective Madrazo's threat "infringed upon plaintiff's constitutional right to be free from harassment from a law enforcement officer." *Id.* at ¶ 16.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Moreover, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

DISCUSSION

**Claim under 42 U.S.C. § 1985**

Plaintiff states in the first paragraph of his complaint that he brings this action pursuant to 42 U.S.C. § 1985. Plaintiff has failed to allege facts sufficient to show the existence of any conspiracy designed to deprive him of his rights. *See Brito v. Arthur,* 403 F.App'x 620 (2d Cir. 2010) (quoting *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (*per curiam*)). Claims of conspiracy that are vague and provide no basis in fact must be dismissed. *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (finding allegations of conspiracy "baseless" where the plaintiff "offer[ed] not a single fact to corroborate her allegation of a 'meeting of the minds' among the conspirators"); *Webb v. Goord,* 340 F.3d 105, 110-11 (2d Cir. 2003)(to maintain a conspiracy action, the plaintiff "must provide some factual basis supporting a meeting of the minds"); *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999) (*per curiam*); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990) (citations omitted). Therefore, plaintiff has failed to state a cause of action as to his claims under 42 U.S.C. § 1985 and this claim is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

**Claim under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts that the defendants, acting under color of state law, deprived him of a constitutional right. *Rodriguez v. Phillips*, 66 F. 3d 470, 473 (2d Cir. 1995). While Detective Madrazo may be a "state actor" against whom plaintiff might be able to pursue a civil rights claim under 42 U.S.C. § 1983 ("section 1983"), plaintiff would also need to allege that the party acting "under color of state law" deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *See Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994). The facts alleged by plaintiff do not

3

suggest a violation of the United States Constitution or any federal laws by any of the defendants or other actors named in the complaint. *Leeke v. Timmerman,* 454 U.S. 83, 85–85, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981) (private citizen has no right to the prosecution or nonprosecution of another individual); *Bender v. City of New York,* No. 09 CV 3286, 2011 WL 4344203, at *10 (S.D.N.Y. Sept.14, 2011) (no constitutional right to government assistance from the various city officials and organizations named in that action); *Laupot v. City of New York,* 2002 WL 83673, at *2 (S.D.N.Y. Jan.18, 2002) (dismissing plaintiff's claim against City of New York and NYPD for failure to prosecute individual pursuant to noise complaints and allegations of harassment; plaintiff failed to allege a deprivation of any constitutionally protected right); *Stone v. Department of Investigation of City of New York,* No. 91 Civ. 2471(MBM), 1992 WL 25202, at *2 (S.D.N.Y. Feb.4, 1992) ("there is no constitutional right to an investigation by government officials"). To be sure, the complaint alleges several times the violation of particular Constitutional provisions, including the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution. However, the facts alleged in the complaint do not suggest a violation of any rights guaranteed by the First Amendment, the Fourth Amendment's prohibition against unlawful searches and seizures, the due process clause of the Fifth and Fourteenth Amendments, and the Equal Protection Clause of the Fourteenth Amendment. Because plaintiff has failed to plead facts suggesting that defendants committed any unconstitutional act, the complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] Even if plaintiff had alleged a constitutional violation, the claim against the New York City Police Department would be dismissed because the NYPD is a non-suable agency of the City. *Jenkins v. City of New York*, No. 06 CV 182, 2007 WL 415171, at *11 n. 19 (2d Cir. Feb. 6, 2007) (citing *Wray v. City of New York*, 340 F. Supp. 2d 291, 303 (E.D.N.Y. 2004)). In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must plead the existence of an officially adopted policy or custom that

CONCLUSION

Accordingly, the complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court has considered affording plaintiff the opportunity to amend the complaint, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), but declines to do so because a review of the complaint does not suggest that Banushi has inadequately or inartfully pleaded any potentially viable claims and, accordingly, an amendment would be futile. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The clerk of court is respectfully requested to serve a copy of this Memorandum & Order and Judgment on plaintiff, note service on the docket, and close this case.

SO ORDERED.

/s/
Kiyo A. Matsumoto
United States District Judge

Dated: Brooklyn, New York
February 21, 2014

---

caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978)). Here, Plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts were attributable to a municipal policy or custom.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────X

ROBERT BANUSHI,

        Plaintiff,

  - against -                                   <u>JUDGMENT</u>
                                                  14-CV-582 (KAM)(LB)

CITY OF NEW YORK; and NYPD; DET.
FRANCINE MADRAZO of the 84th Precinct,

        Defendants.
──────────────────────────────────────X

        Pursuant to the order issued on February 21, 2014, by the undersigned dismissing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), it is,

        **ORDERED, ADJUDGED AND DECREED:** That the complaint is hereby dismissed and judgment is entered in favor of defendants. For purposes of any appeal, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal would not be taken in good faith.

                                                                              /s/
                                                       Kiyo A. Matsumoto
                                                       United States District Judge

Dated: Brooklyn, New York
            February 21, 2014